Omar CALDERIN, Petitioner—
Appellant,

v.

Cal TERHUNE, Director, Respondent—
Appellee.

No. 00–56295.

D.C. No. CV–99–05323–MMM(EE).

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2002.*

Decided April 16, 2002.

As Amended May 16, 2002.

Before THOMAS and RAWLINSON,
Circuit Judges, and ARMSTRONG,**
District Judge.

MEMORANDUM***

Petitioner/Appellant Omar Calderin
("Calderin") appeals the denial of his peti-
tion for habeas corpus. Although Calderin
asserts an ineffective assistance of counsel
claim, he failed to demonstrate prejudice.
See Strickland v. Washington, 466 U.S.
668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); see also Gonzalez v. United States,
33 F.3d 1047, 1052 (9th Cir.1994).

Calderin asserts that the circumstantial
evidence of his knowledge that controlled
substances were in the boxes he transport-
ed was not strong, yet admits being told
that at least one box contained marijuana.
Under California law, Calderin's belief that
he transported marijuana rather than co-
caine is sufficient to support his conviction.
People v. Romero, 55 Cal.App.4th 147, 64
Cal.Rptr.2d 16, 18 (1997). Moreover,
Calderin has not demonstrated any errors
in the transcript of his interrogation that
show the translation of that interrogation
was incompetent. See Perez–Lastor v.
INS, 208 F.3d 773, 778 (9th Cir.2000).
Therefore, Calderin has not proved that it
is reasonably probable that a different out-
come would have resulted if his attorney
had checked the translation of his interro-
gation or objected to its introduction. See
United States v. Pena–Espinoza, 47 F.3d
356, 360 (9th Cir.1995).

**AFFIRMED.**

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** The Honorable Saundra Brown Armstrong,
United States District Judge for the Northern
District of California, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.